1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK S. MUSZYNSKI,

11              Plaintiff,              No. CIV S-04-0082 JAM GGH P

12       vs.

13   D.L. RUNNELS, et al.,

14              Defendants.              PRETRIAL ORDER

15   _____/

16              This case, originally filed on January 14, 2004, is proceeding upon plaintiff's

17   second amended complaint, docketed as filed on February 1, 2005.  The gravamen of plaintiff's

18   allegations against the two defendants, High Desert State Prison (HDSP) Warden D. L. Runnels

19   and HDSP Facility B Captain J. Briddle, is a claim of violation of plaintiff's rights under the

20   Eighth Amendment for an extended (approximately two-year) period of deprivation of outdoor

21   exercise at HDSP.   Plaintiff claims that, in addition to receiving seven serious rules violations as

22   a result of having refused to comply with Cal. Penal Code § 296 to provide blood samples, at his

23   annual review before the Facility B Unit Classification Committee (UCC) on May 8, 2001, he

24   was stripped of his A1/A work group/privilege group status and placed on C/C status by

25   defendant Briddle and thereafter maintained on C/C status the following year on May 10, 2002,

26   at the Facility B UCC annual review.  He alleges that he was inappropriately placed on C/C work

1

group/privilege group status from May 8, 2001, until April 22, 2003, during which time he was confined in a small, 23-square foot space with another inmate and almost never allowed outdoor exercise during that period.  Plaintiff claims that defendants Runnels and Briddle's memos and rules did not permit outdoor exercise for C-status inmates during most of the time at issue, which lack of exercise resulted in significant deterioration of his physical health as well as causing him emotional distress.  In a response to an administrative grievance by plaintiff, he was found, as of August of 2003, to have been inappropriately placed on C status.  Defendants maintain that for much of the period at issue, the prison was on lockdown status.

Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper.  There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

Both parties have timely requested trial by jury.

UNDISPUTED FACTS

The events at issue occurred at High Desert State Prison (HDSP).

DISPUTED FACTUAL ISSUES

1.  Whether the defendants deprived plaintiff of outdoor exercise for approximately two years, from May 8, 2001, until April 22, 2003, as a result of his placement on C/C status and/or as a result of prison lockdowns;

2.  If so, whether such deprivation constituted a violation of plaintiff's Eighth Amendment rights;

3.  The nature and extent of plaintiff's injuries, if any.

\\\\\

1  DISPUTED EVIDENTIARY ISSUES

2          The admissibility of the following evidence will be disputed at trial: by

3  defendants, whether plaintiff can testify concerning his medical condition or about a causal

4  connection between his claimed symptoms and denial of access to the exercise yard; whether

5  disciplinary reports issued to plaintiff are relevant to plaintiff's Eighth Amendment claims;

6  whether plaintiff's medical records can be authenticated or constitute inadmissible hearsay.

7  Defendants will seek to impeach any testimony by plaintiff by evidence of his prior felony

8  convictions, pursuant to Fed. R. Civ. P. 609.   Plaintiff anticipates that his desire to have jury

9  members tour a county jail inmate's cell for jurors to be given an idea of what it would be like to

10  be confined to a 23-foot cell with another inmate for a two-year period will be challenged by

11  defendants.

12  SPECIAL FACTUAL INFORMATION

13          None applicable.

14  RELIEF SOUGHT

15          Plaintiff seeks damages in the amount of $200 a day for every day of being placed

16  "inappropriately" on C/C status from May 8, 2001, through April 22, 2003.[1]

17  POINTS OF LAW

18          The parties shall brief the elements, standards and burden of proof of the claims

19  herein presented by plaintiff under the applicable constitutional amendment, statutes and

20  regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of

21  trial in accordance with Local Rule 16-285.

22  ABANDONED ISSUES

23          Plaintiff abandons any injunctive relief previously sought.

24

25          [1]The court does not find that being placed on C/C status *per se* is a viable issue in this
case; it is only as such status affected the Constitutional right to minimal exercise that is at issue
26  in this trial.

WITNESSES

Plaintiff and defendants both anticipate calling the defendants as witnesses in this action: D.L. Runnels and J. Briddle.  Although plaintiff does not name himself as a witness, he will be also permitted to testify as a witness himself.

Plaintiff also anticipates calling, either in person or by deposition: unidentified medical personnel from HDSP and from Calipatria State Prison, as well as "any other expert or otherwise [sic] witnesses" needed to prove facts in support of his claims.

Other than the defendants, plaintiff has not identified his witnesses with sufficient specificity.  Plaintiff must name each witness he intends to call at trial.  Accordingly, within ten days of the date of this order, plaintiff shall file an addendum to his pretrial statement specifically identifying each witness he intends to call.  As noted below, plaintiff may call any witness designated by defendants.

Defendants also anticipate calling, either in person or by deposition: D. Gunter; K. Braughman; E.J. Schirmer; S. Ransdell; D.I. Brown; S. Peck; T. Perez; R.L. Gower; S. Chapman; P. Cochrane.

Each party may call any witnesses designated by the other.

A.   No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.   Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

(2) The court and the opposing party were promptly notified upon discovery of the witnesses;

(3) If time permitted, the party proffered the witnesses for deposition;

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff states that he anticipates offering "all pertinent documents relating to plaintiff's receiving seven CDC-115 serious rules violation reports from March, 2001, through May, 2002[,] for refusing to comply with Cal. Penal Code § 296.  All chronos and appeals pertaining to plaintiff's being placed on C/C status by HDSP officials from 05/08/01 through 04/22/03, and any medical records pertaining to injuries plaintiff has suffered as a result of being deprived outdoor exercise for almost 2 years.  Any other documents needed to prove each of the alleged facts that support the claims raised in this complaint."

Plaintiff has not identified his exhibits with sufficient specificity.  Plaintiff must identify each document he intends to offer as an exhibit at trial.  Accordingly, within ten days of the date of this order, plaintiff shall file an addendum to his pretrial statement, which in addition to naming all of his witnesses besides defendants, specifically identifies each exhibit he intends to offer at trial.  Should plaintiff provide a list of witnesses and exhibits of adequate specificity, the witness and exhibit lists will be deemed a supplement to this pretrial order.  Failure to provide further witness and exhibit lists will limit plaintiff to calling only those witnesses identified herein and may preclude plaintiff from submitting trial exhibits.

Defendants anticipate offering:

Lockdown memoranda from May 2001 to May 2003.

Yard and program schedules from May 2001 to May 2003.

5

1    Plaintiff's abstract of judgment.

2    Plaintiff's certificate of successful completion of the "Breaking Barriers/Cage

3    Your Rage" program.

4    Plaintiff's classification chronos from May 2001 through May 2003.

5    Plaintiff's CDC form 112, and KMHQ. [2]

6    Each party will file any objections to exhibits ten days before trial.  Each exhibit

7    not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to

8    mark exhibits; defendant will use letters.

9    A.  No other exhibits will be permitted to be introduced unless:

10    1.  The party proffering the exhibit demonstrates that the exhibit is for the

11    purpose of rebutting evidence which could not have been reasonably

12    anticipated, or

13    2.  The exhibit was discovered after the issuance of this order and the

14    proffering party makes the showing required in Paragraph "B," below.

15    B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform

16    the court and opposing party of the existence of such exhibits so that the court may consider at

17    trial their admissibility. The exhibits will not be received unless the proffering party

18    demonstrates:

19    1.  The exhibits could not reasonably have been discovered earlier;

20    2.  The court and the opposing party were promptly informed of their

21    existence;

22    3.  The proffering party forwarded a copy of the exhibit(s) (if physically

23    possible) to the opposing party.  If the exhibit(s) may not be copied the

24    

25    [2]Defendants' described exhibits are barely more specific than plaintiffs'.  However, any
problem in this regard will be rectified by the requirement to exchange copies of exhibits 10 days
26    prior to trial confirmation.

proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

**The parties are directed to exchange copies of all exhibits ten days prior to trial confirmation.**  The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during trial.

DISCOVERY DOCUMENTS

None.

FURTHER DISCOVERY OR MOTIONS

Discovery is closed.

Neither plaintiff nor defendants identify what, if any, motions in limine they anticipate filing.  Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

POINTS OF LAW

Defendants vaguely raise a failure to exhaust administrative remedies as a defense, although defendants did not include this ground as a basis for their motion to dismiss or their motion for summary judgment.   The court finds this issue waived by failure to bring it in issue prior to trial.  Defendants again claim to be entitled to qualified immunity.

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

AMENDMENTS/DISMISSALS

None.

\\\\\

SETTLEMENT NEGOTIATIONS

Although plaintiff would like to proceed to a settlement conference, defendants maintain that a settlement conference would not be helpful; therefore, the court finds that such a conference is not warranted in this case.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

To the extent that plaintiff seeks punitive damages, defendants seek a separate trial of that issue.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Defendants seek costs but not attorneys' fees.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for January 16, 2009, at 10:00 a.m., before the Honorable John A. Mendez, Courtroom # 6.  Plaintiff shall appear via videoconference.

TRIAL DATE

Jury trial is set for March 16, 2009, at 9:00 a.m. in Courtroom # 6 before the Honorable John A. Mendez.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

\\\\\

1   MISCELLANEOUS

2         Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant

3   to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps

4   necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned

5   that sanctions will be imposed for failure to comply with court orders.

6         Counsel are directed to Local Rule 16-285 regarding the contents and the deadline

7   for filing trial briefs.

8   OBJECTIONS TO PRETRIAL ORDER

9         Each party is granted ten days from the date of this order to file objections to

10   same.  If no objections are filed, the order will become final without further order of this court.

11   DATED: November 15, 2008

                  /s/ Gregory G. Hollows

12   _____

13             UNITED STATES MAGISTRATE JUDGE

14

15   GGH:009
     musz0082.pto

16

17

18

19

20

21

22

23

24

25

26