IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. MUSZYNSKI,

      Plaintiff,                      No. CIV S-04-0082 JAM GGH P

    vs.

D.L. RUNNELS, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Pursuant to the Pretrial Order, filed on 11/14/08 (Docket # 68), plaintiff pro se in this prisoner civil rights action has filed an addendum, on 12/01/ 08 (Docket # 70), more specifically setting forth his proposed witnesses and exhibits for trial. Plaintiff has sufficiently specified his trial witnesses and exhibits for the court to deem the addendum an appropriate supplement to the Pretrial Order.

        Defendants have filed objections to this court's having found that defendants have waived any argument that plaintiff has failed to exhaust administrative remedies by not raising the issue in their motion to dismiss or motion for summary judgment. Motions which could have been brought, but were not, are waived after the time in which to bring the motion expires, Fed.R.Civ.P. 12(h)(B) I. Although the cited rule specifies potential motions under 12(b)(2)-(5) as those subject to waiver, the undersigned finds that the unenumerated 12(b) motion for lack of

1

timely exhaustion of remedies falls withing the ambit of waiver as well. Moreover, the gravamen of this action, as was plainly set forth in the Pretrial Order, is an allegation that defendants violated plaintiff's Eighth Amendment right to outdoor exercise for approximately a two-year period, from May 8, 2001, until April 22, 2003. The Pretrial Order sets forth that what is at issue is the period of deprivation, not whether it was as a result of C/C status placement and/or prison lockdown. When defendants belatedly seek to bring the affirmative defense[1] of lack of administrative exhaustion, parsing whether or not plaintiff is claiming that he was deprived of outdoor exercise because of his C/C status or because of lockdowns, and averring that his administrative remedies as to the lockdown periods have not been exhausted, they rely on a trifling distinction and do so in an untimely fashion. Defendants objections are overruled.

Accordingly, IT IS ORDERED that:

1. Plaintiff's addendum, filed on 12/01/08 (Docket # 70), is deemed a supplement to the Pretrial Order, filed on 11/14/08 (Docket # 68); and

2. Defendants' objections to the Pretrial Order, filed on 11/26/08 (Docket # 69), are overruled.

DATED: December 12, 2008

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
musz0082.ord

---

[1] See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).